(13 Misc. Rep. 209.)
### SCOFIELD v. WARREN.

(Common Pleas of New York City and County, General Term.    June 3, 1895.)

PRINCIPAL AND AGENT—AUTHORITY OF AGENT.
> Where an agent of the owner of certain premises is authorized to pay for repairs out of the rents, and is recognized by his principal as "agent for the house," and is instructed to send to the principal "whatever bills you have in your possession," he has authority to draw drafts in the name of the principal for such repairs.

Appeal from district court.

Action by George Scofield against Ella L. Warren for work and materials in repairing a house.    Judgment was rendered in favor of plaintiff, and defendant appeals.    Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Abner C. Thomas, for appellant.
Maar & Goldberg, for respondent.

PRYOR, J.    As mortgagee, the defendant has an interest to protect the house against dilapidation; and, indeed, her requirement that Crouch should pay over the surplus of rents "to the parties then holding title" evidently anticipates the ownership she afterwards acquired.    But, even though the house were not her property, if she contracted with the plaintiff for repairs upon it, she must pay for them.    Whether she so contracted is the question for determination.    In proper person, the defendant made no contract with the plaintiff, but the contention is that she employed him through the instrumentality of another.    Had Crouch, the alleged agent, authority to engage the plaintiff, and bind the defendant to pay him for the repairs?    The paper in evidence only empowers Crouch to pay out of the rent as he collected it.    This was not necessarily an authority to order the repairs.    In Bank v. Griswold, 72 N. Y. 472, the agent had power to buy lumber, and the question was as to his authority to issue drafts for the purpose.    Here Crouch was authorized to pay for the repairs out of the rents, but whether he had power to contract for the repairs may be doubtful, on the face of this paper.    But in another paper, by which defendant revokes his agency, she expressly recognizes Crouch "as agent for the house," and instructs him to send her "whatever bills you have in your possession."    Is not this an admission that Crouch had authority to contract debts on her behalf?    Again, evidence in the case warrants the inference that Gault, defendant's father, had authority to contract for the repairs, and that Crouch, with Gault's privity and approval, engaged the plaintiff for the work. The defendant and Gault deny that such authority was given to

him, but we cannot say that the justice erred in believing Crouch, rather than the defendant and her father. Upon all the proofs, we are not satisfied that the trial court drew a wrong conclusion in deciding that the plaintiff was employed by authority of the defendant. It is true, the plaintiff was told that he was to be paid out of the rents; but neither the failure of defendant's agent so to pay him, nor her own revocation of that agent's authority to collect the rents, is effectual to defeat the plaintiff's demand. He did not agree to look to those rents alone for his recompense, but, if he had so agreed, their diversion by the defendant or her agent from their stipulated destination would not deprive him of the reward of his labor. Judgment affirmed, with costs. All concur.